# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

LEROY J. FLEMING,

        Petitioner,        Case Number: 04-73930

v.        HON. JOHN CORBETT O'MEARA

TOM PHILLIPS,

        Respondent.
_____/

## OPINION AND ORDER DENYING PETITIONER'S MOTION TO HOLD CASE IN ABEYANCE AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE

Petitioner Leroy J. Fleming filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner, a state inmate currently incarcerated at the Pugsley Correctional Facility in Kingsley, Michigan, challenges his 2002 convictions on two counts of felonious assault. Now before the Court is Petitioner's Motion to Hold Case in Abeyance.

## I.

On August 12, 2002, Petitioner pleaded guilty in Wayne County Circuit Court to two counts of felonious assault. He was sentenced to one to four years imprisonment on each count, to be served concurrently.

Petitioner filed a motion to withdraw his plea. He also raised pro per claims of ineffective assistance of counsel in the trial court. The trial court denied the motion to

withdraw plea.  People v. Fleming, No. 02-5452 (Third Circuit Court, Wayne County Oct. 23, 2004).

Petitioner, through counsel, filed an application for leave to appeal in the Michigan Court of Appeals, presenting the following claim:

> I. Mr. Fleming's sentence of 1 to 4 years of imprisonment for felonious assault violated the Cobbs agreement that the minimum sentence imposed for this charge would be a county jail sentence at the bottom of the guidelines and which the judge could have imposed at sentencing because the guidelines fell within a straddle cell allowing the court to impose a county jail sentence.  Accordingly, Mr. Fleming is entitled to withdraw his plea or have resentencing in this case.

Petitioner presented the following additional claims in a pro per supplemental brief:

> II. Defendant was denied the []effective assistance of counsel as his trial counsel did not investigate or prepare a valid claim of self-defense. Defendant was attacked in his dwelling and was not required to retreat as it was necessary to exercise force in self-defense under these circumstances.
>
> III. Defendant's plea was not voluntary and was induced by promises from the trial judge which were not honored such that defendant is entitled to withdraw his plea.
>
> IV. The prosecution withheld exculpatory evidence from the defendant such that defendant is entitled to withdraw his plea.

The Michigan Court of Appeals denied leave to appeal.  People v. Fleming, No. 252258 (Mich. Ct. App. Dec. 18, 2003).

Petitioner then filed an application for leave to appeal in the Michigan Supreme Court, presenting only the following issue:

> Mr. Fleming's sentence of 1 to 4 years of imprisonment for felonious

assault violated the Cobbs agreement that the minimum sentence imposed for this charge would be a county jail sentence at the bottom of the guidelines and which the judge could have imposed at sentencing because the guidelines fell within a straddle cell allowing the court to impose a county jail sentence. Accordingly, Mr. Fleming is entitled to withdraw his plea or have resentencing in this case.

The Michigan Supreme Court denied leave to appeal. People v. Fleming, No. 125939 (Mich. Aug. 31, 2004).

Thereafter, Petitioner filed the pending petition for a writ of habeas corpus, presenting the following claims:

> I. City of Detroit Police Investigator Alfred Coleman selectively and vindictively initiated prosecution against Petitioner based upon improper considerations (i.e., the exercise of his First Amendment rights), and Petitioner was penalized (i.e., there was retaliation) for the exercise of his First Amendment rights.
>
> II. Petitioner was denied his Sixth Amendment guarantee to effective assistance of trial counsel as his trial counsel refused to investigate or prepare Petitioner's substantial defenses which were repeatedly requested and were supported by the record evidence.
>
> III. The prosecution and the investigating officer suppressed, withheld and failed to disclose critical impeachment and exculpatory evidence resulting in prejudice to the Petitioner.
>
> IV. Petitioner's plea was not voluntary and intelligently made and was induced by promises from the trial judge which were not honored and Petitioner had maintained his innocence right up until the judge used the awesome and majesty of the court to induce Petitioner to [accept] the plea.

Respondent filed an Answer to the petition arguing that Petitioner failed to exhaust his state court remedies with respect to all of the claims presented in his petition. Petitioner has filed a Motion to Hold this Case in Abeyance so that he may return to state

3

court to exhaust his claims.

## II.

The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas corpus petition.  *See* 28 U.S.C. § 2254(b)(1)(A) and (c); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); McMeans v. Brigano, 228 F.3d 674, 681 (6th Cir. 2000); Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994).  The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process, including a petition for discretionary review to a state supreme court.  O'Sullivan, 526 U.S. at 845.  A prisoner "'fairly presents' his claims to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." Levine v. Torvik, 986 F.2d 1506, 1516 (6th Cir. 1993); *see also* Prather v. Reese, 822 F.2d 1418, 1420 (holding that "[o]rdinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations").  A Michigan petitioner must present each ground to both Michigan appellate courts before seeking federal habeas corpus relief.  *See* Mohn v. Bock, 208 F.2d 796, 800 (E.D. Mich. 2002); *see also* Hafley v. Sowders, 902 F.2d 480, 483 (6th Cir. 1990).  The petitioner bears the burden of showing that state court remedies have been exhausted.  Rust, 17 F.3d at 160.

Petitioner's first claim for habeas corpus relief was not presented on direct review in state court.  His remaining claims were not presented to the Michigan Supreme Court.

4

Therefore, the Court concludes that Petitioner has not yet exhausted his state court remedies with respect to any of the claims in his petition.

Where a petition contains both exhausted and unexhausted claims, the Sixth Circuit Court of Appeals has advised that it is preferable for a district court to dismiss the unexhausted claims, retain jurisdiction over the exhausted claims, and stay proceedings pending exhaustion. Griffin v. Rogers, 308 F.3d 647, 652, n.1 (6th Cir. 2002). *See also* Palmer v. Carlton, 276 F.3d 777, 781 (6th Cir. 2002) (finding "eminently reasonable" district court's holding dismissing unexhausted claims in habeas petition and staying proceedings on the remaining claims pending exhaustion of state court remedies). The Sixth Circuit Court of Appeals also has approved a district court's dismissal of a mixed petition where the district court's order of dismissal provided safeguards such that the dismissal would not jeopardize the timeliness of a future habeas petition. Hargrove v. Brigano, 300 F.3d 717, 719-721 (6th Cir. 2002).

In this case, the petition contains no exhausted claims over which the court may retain jurisdiction. Thus, the Court finds the most reasonable approach to be a dismissal without prejudice so that Petitioner may pursue exhaustion of his state court remedies.

The Court is mindful that, in dismissing a petition without prejudice, a district court must not "'jeopardize the timeliness of a collateral attack.'" Palmer, 276 F.3d at 781, *quoting* Zarvela v. Artuz, 254 F.3d 374, 380 (2d Cir. 2001). The Court, thus, shall adopt the safeguards approved by the Sixth Circuit in Hargrove. The Court shall dismiss the petition without prejudice and the one-year limitations period shall be tolled from the

date Petitioner filed his petition, September 28, 2004, until Petitioner returns to federal court.  This tolling of the limitations period is conditioned upon Petitioner "pursu[ing] his state remedies within thirty days of [this Court's Order] and return[ing] to federal court within thirty days of exhausting his state remedies."  Hargrove, 300 F.3d at 718.

Accordingly, **IT IS ORDERED** that Petitioner's Motion to Hold This Case in Abeyance is **DENIED**.

**IT IS FURTHER ORDERED** the petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the one-year statute of limitations found in 28 U.S.C. § 2244(d)(1) shall be tolled from September 28, 2004, until the time Petitioner returns to federal court to pursue habeas relief, provided that: (i) Petitioner presents his unexhausted claims to the state court within thirty days from the date of this order and (ii) Petitioner returns to this Court to pursue habeas corpus relief within thirty days of exhausting state court remedies.

                                                s/John Corbett O'Meara  
                                                John Corbett O'Meara  
                                                United States District Judge

Dated:  September 22, 2005